WISE, Judge.
The appellant, Danny Maye, was convicted of two counts of felony murder, a lesser-included offense of the charged offense of murder made capital because it was committed during a burglary. See § 13A-5-40(a)(4), Ala.Code 1975. He was sentenced to life imprisonment for each count; the sentences were to run concurrently. This appeal followed.
Maye contends that the trial court’s admission into evidence of the statements made by the victim on the night of her murder violated the Alabama Rules of Evi *1244 dence and was therefore improper. He also argues that his convictions for two counts of felony murder for one offense violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.
I.
Maye filed a pretrial motion to suppress statements made by the victim, Debra Stevens, to Lynette Davidson. The record reveals the following facts: On the night of September 19, 2001, Debra Stevens telephoned her friend Lynette Davidson and told her that she was afraid because her next-door neighbor, later identified as Maye, had been harassing her that night. While the two women talked, Maye knocked on Stevens’s door, allegedly to return a candle he had borrowed earlier that evening because the electricity was not working in his apartment.[1] Stevens told Davidson that she found it strange that the candle had not been burned when Maye returned it and further stated that she was afraid of Maye. Davidson, believing her friend was in fear, instructed her friend to lock her doors and windows and to hang a blanket over her blinds.
During this conversation, Davidson heard Maye ask Stevens if he could use her telephone. Stevens responded that she was still on the telephone talking to someone. After Maye left, Stevens begged Davidson to stay on the line, because she was afraid for her safety. Davidson assured Stevens that after she put her children to bed, she would telephone Stevens again.
Davidson telephoned her friend as she had promised, but no one answered. Concerned, she asked a friend to drive her to Stevens’s apartment. Although no one responded to her continued knocks on the door, Davidson could see Stevens’s automobile in the parking lot of the complex. Davidson eventually asked her companion to take her to a pay telephone to call the police.
Davidson telephoned the police and returned to the apartment complex, where Officers Thrift and Lopez of the Foley Police Department were waiting for her. Officer Thrift noticed that one of the windows to Stevens’s apartment was open. Looking inside, he saw someone on the sofa. When the person did not respond, he called a medical unit for assistance. Maye was sitting on the front porch next door; Officer Thrift, who could not fit through the opening in the window, asked Maye if he would climb through the window, taking care not to touch anything inside. Although Stevens’s nude body lay still on the sofa, Maye calmly walked to the door and opened it for Officer Thrift, who determined that Stevens was dead.
Maye argues that the trial court improperly denied his motion to suppress the hearsay statements of the victim. Because we hold that the statements fall within the state-of-mind exception to the hearsay rule, we find that the trial court properly admitted Davidson’s testimony.
Rule 803(3), Ala. R. Evid., provides that a statement of the declarant’s then existing state of mind, emotion, sensation, or physical condition is admissible as relevant evidence. See Charles W. Gamble, McElroy’s Alabama Evidence § 261.03(2) and (5) (5th ed.1996). This Court has also ruled that a statement demonstrating a declarant’s fear is admissible under the *1245 state-of-mind exception. See Jackson v. State, 629 So.2d 748 (Ala.Crim.App.1993); Moore v. State, 697 So.2d 800, 804 (Ala.Crim.App.1997).
The trial court properly admitted the testimony of Davidson as an exception to the exclusions of the hearsay rule. She testified that Stevens telephoned her on the night of the murder. Stevens told Davidson that she was afraid of her next-door neighbor, Maye, and that he had been harassing her.
II.
Maye also alleges that the trial court improperly convicted and sentenced him for two counts of felony murder, in violation of the double jeopardy clause. The State notes, and we agree, that this case must be remanded for the circuit court to enter a new order adjudging Maye guilty of Stevens’s murder and sentencing him for that single offense.
In Ex parte Rice, 766 So.2d 143 (Ala.1999), the Alabama Supreme Court held that a defendant cannot be convicted of two counts of felony murder for one offense. In addition, the Court held that “merely ordering that [two] sentences run concurrently is not a constitutionally acceptable option.... Neither is it an acceptable option' to merely vacate one of [the defendant’s] convictions and its corresponding sentence.” 766 So.2d at 152. Thus, we must remand this case to the trial court for the entry of a new order adjudging Maye guilty of one count of felony murder and sentencing him for that single offense.
Based on the foregoing, the judgment of the trial court is reversed and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. The record also contains the testimony of Brandy Parker, another resident of the apartment complex, which seemed to indicate that Maye had told her that Stevens was trying to have him evicted from the complex. According to Parker, Maye believed that it was Stevens who had had his electricity turned off in furtherance of his eviction.